# PITCHLYNN *v.* DISTRICT OF COLUMBIA.

MUNICIPAL ORDINANCES; FOWLS; NUISANCES; POLICE REGULATIONS.

1. Express authority to govern "the keeping and running at large of dogs and fowls" is given the commissioners of the District of Columbia by act Congress January 26, 1887 (24 Stat. at L. 368, chap. 49). (Citing *District of Columbia* v. *Keen*, 31 App. D. C. 541, 14 A. & E. Ann. Cas. 1002, and *Taylor* v. *District of Columbia*, 24 App. D. C. 392.)

2. The act of Congress of January 26, 1887 (24 Stat. at L. 368, chap. 49), authorizes the commissioners of the District of Columbia to regulate the keeping of fowls upon private as well as upon public property, irrespective of whether the keeping of them constitutes a nuisance, and amounts to a legislative determination that such a regulation is necessary; and in the absence of evidence to the contrary, the court will not substitute its judgment for the judgment of Congress. (Citing *Taylor* v. *District of Columbia*, 24 App. D. C. 392; *District of Columbia* v. *Keen*, 31 App. D. C. 541, 14 A. & E. Ann. Cas. 1002; *District of Columbia* v. *Lee*, 35 App. D. C. 341; and *United States ex rel. Early* v. *Richards*, 35 App. D. C. 540.)

3. The keeping of fowls upon private property within the fire limits of a municipal corporation is a proper subject of police regulation, and such a regulation, which, although otherwise prohibiting the keeping of fowls within 25 feet of any inhabited structure within such fire limits, permits them so to be kept if a permit is obtained from the health officer, provided that no rooster is to be kept without the written consent of a majority of the householders in the block, and provided the regulation is not to apply to markets and produce dealers and stores for the sale of fancy fowls,—is not, upon its face, an unreasonable regulation; and does not amount to an attempt on the part of the municipal officers to license the keeping of fowls, and is not unlawful as a delegation of power on the part of the commissioners of the District. (Construing sec. 7, art. 8, Police Regulations, D. C., and citing *United States ex rel. Early* v. *Richards*, 35 App. D. C. 540.)

No. 2218. Submitted November 1, 1910. Decided December 5, 1910.

HEARING on a writ of error to the Police Court of the District of Columbia in a prosecution for violating a police regulation relating to the keeping of fowls in the city.  *Affirmed.*

The facts are stated in the opinion.

*Mr. John J. Hemphill, Mr. Preston B. Ray,* and *Mr. E. Reeves Braddock,* for the appellant.

*Mr. Edward H. Thomas,* Corporation Counsel, and *Mr. Francis H. Stephen,* Assistant, for the appellee.

Mr. Justice ROBB delivered the opinion of the Court:

This is a writ of error to the police court of the District of Columbia, and involves sec. 7, art. 8, of the Police Regulations of the District, relating to the keeping of domestic fowls, under which regulation the plaintiff in error, Sophia C. Pitchlynn, was convicted and fined.

The material part of the regulation is as follows:

"Sec. 7. No person shall keep any kind of domestic fowl or pigeons inside the fire limits of the District of Columbia, within 25 feet of any structure owned by another and used for human habitation, occupation, or assembly, whether said structure be in the same or an adjacent block or square; nor shall such domestic fowls be permitted to run, fly, or stray within 25 feet of any such structure within the said fire limits.  No such domestic fowls or pigeons shall be kept within the fire limits without a permit from the health officer of the District of Columbia, or otherwise than in compliance with the following conditions, to wit:   *   *   *

"VI. No roosters are to be kept on the premises within said fire limits without the written consent of a majority of the householders in that square or block, filed with the health officer.

"If the said conditions are not complied with, said permit shall be revoked:  Provided, That nothing herein shall apply to such fowls or pigeons confined in coops in regularly established

provision stores or public markets, or to stores regularly established for the sale of fancy poultry or pigeons, or to fowls brought upon the premises and kept for a brief period, not to exceed twenty-four hours, for consumption."

The information alleges that the plaintiff in error, on the 11th of June, 1910, within the fire limits of the District, "did then and there keep certain domestic fowls, to wit, chickens, said chickens being kept within 25 feet of a structure owned by another and used for human habitation," etc.

The case was tried upon an agreed statement of fact from which it appears that plaintiff in error did keep "certain fancy chickens inside the fire limits of the District of Columbia, within 25 feet of a structure owned by another and used for human habitation," as alleged in the complaint, and that the chicken houses, perches, nests, and yard were clean, free from odor, dry, and well ventilated.

The authority of the commissioners to promulgate reasonable police regulations to govern "the keeping and running at large of dogs and fowls" *in the District* is conceded, express authority to make such regulations being conferred by the act of January 26th, 1887 (24 Stat. at L. 368, chap. 49). See also: *District of Columbia* v. *Keen,* 31 App. D. C. 541, 14 A. & E. Cas. 1002; *Taylor* v. *District of Columbia,* 24 App. D. C. 392.

There is presented, therefore, the narrow question whether the above regulation is reasonable and within the authority conferred upon the commissioners. It is contended by the plaintiff in error that it is void because it purports to regulate the keeping and running at large of fowls upon private as well as upon public property; that it is unreasonable and oppressive in that it in effect deprives her of the use and enjoyment of her property; that it amounts to an attempt by the commissioners to license the keeping of fowls, which is unauthorized; that it is void because it discriminates against persons living within the fire district, and in favor of those outside said limits; that the commissioners are without authority to "delegate to residents of the same square or block in which an accused person resides to say whether roosters shall be kept on said premises."

1. It is argued that said act of January 26th, 1887, merely authorizes the commissioners to regulate the keeping and running at large of fowls in the public parks, thoroughfares, and streets of the District, and hence, that the regulation under consideration, which applies to the keeping of chickens upon private as well as upon public property, is void, there being no evidence that such keeping is a nuisance. Said act is general and comprehensive in its terms, and clearly contemplates regulating the keeping of fowls upon private as well as upon public property. There was just as much necessity for one as for the other. The act amounts also to a legislative determination that such regulation is necessary; and in the absence of any evidence to the contrary, the court should be slow to substitute its judgment for the judgment of Congress. Certainly we are not prepared to do so in the present case, for it is a matter of common knowledge that the public health and comfort may be affected by the keeping of fowls in a crowded city. As to the authority to make similar regulations, see: *Barbier* v. *Connolly,* 113 U. S. 27, 28 L. ed. 923, 5 Sup. Ct. Rep. 357; *District of Columbia* v. *Lee,* 35 App. D. C. 341; *United States ex rel. Early* v. *Richards,* 35 App. D. C. 540.

On its face, the regulation certainly cannot be said to amount to a prohibition of the keeping of fowls within the fire limits of the District, and there being no evidence that the limit of 25 feet, mentioned in the regulation, is unreasonable, we are not prepared to say that it is. If the keeping of fowls upon private property is a proper subject of regulation, and we have found that it is, we cannot, with any degree of consistency, hold, in the absence of any evidence, that this limitation is unreasonable.

The provision limiting the application of said regulation to persons living within the fire limits of the District is a reasonable one. Different conditions exist outside the fire limits, where the country is sparsely settled, than exist in the crowded parts of the city. The farmer, whose nearest neighbor is usually some distance away, is permitted to use his premises practically uncontrolled. He may keep any healthy domestic

animal or fowl at will, and any regulation seriously affecting him in these respects would be void. So, too, the suburban dweller, for similar reasons, is entitled to greater freedom in the control and enjoyment of his property than the city resident may enjoy. What would amount to a reasonable and necessary regulation as applied to property within the crowded city would be unreasonable and a needless encroachment upon the rights of the individual when applied to the residents of a more sparsely settled section. The commissioners were fully justified in making the distinction pointed out. *Barbier* v. *Connolly,* 113 U. S. 27, 28 L. ed. 923, 5 Sup. Ct. Rep. 357; *L'Hote* v. *New Orleans,* 177 U. S. 587, 44 L. ed. 899, 20 Sup. Ct. Rep. 788.

The commissioners, in this regulation, have not attempted to license the keeping of fowls. The permit mentioned in the regulation amounts to no more than a convenient method for ascertaining whether the person applying therefor has complied with the regulations.

The requirement with reference to the keeping of roosters within the fire limits is not a delegation of power. *United States ex rel. Early* v. *Richards,* 35 App. D. C. 540. It merely puts vain and noisy roosters upon their good behavior.

Judgment affirmed. *Affirmed.*